■ In the Matter of EUGENE F. MASTROPIERI, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. — In this proceeding to discipline respondent, a suspended attorney, upon charges of professional misconduct, respondent has submitted

an affidavit dated November 13, 1982 in which he tenders his resignation as an attorney and counselor at law (see 22 NYCRR 691.9). Respondent was admitted to practice by this court on March 29, 1961. By order of this court, dated February 19, 1981, respondent was suspended until the further order of this court, effective January 20, 1981. Respondent is now charged with the following misconduct: having been convicted of "serious crimes", to wit, violating "Title 18 USC., Section 371; Title 26, USC., Sections 7201 and 7206(1) and Title 18, USC., Section 2," in that respondent willfully and unlawfully conspired to defraud the United States by obstructing the lawful functions of the Internal Revenue Service in the assessment and collection of revenue, and in furtherance of said conspiracy filed false and fraudulent income tax returns; after respondent's automobile was issued 142 parking tickets in 1976 and 1977 respondent failed to begin payment for said tickets until June 17, 1978; operating said automobile while his driver's license was suspended; driving his automobile with knowledge that the vehicle's registration had expired; after purchasing an automobile in North Carolina in 1975, failing to pay State and city taxes on such purchase until March 29, 1979; submitting a false and fraudulent affidavit to the Parking Violations Bureau; testifying falsely before a hearing examiner of the Parking Violations Bureau; making false statements to the Ethics Committee of the City Council and to a hearing examiner at the Parking Violations Bureau; engaging in an impermissible conflict of interest by appearing as an attorney to a personal client against the interests of the City of New York in litigation and failing to disclose such on the official record on the City Council; falsely testifying at hearings conducted by the Ethics Committee and filing a written answer to certain charges before said committee wherein he made false and fraudulent statements. Respondent states in his affidavit that his resignation is freely and voluntarily rendered; that he is not being subject to coercion or duress; that he is fully aware of the implication of submitting his resignation; that he acknowledges that he could not successfully defend himself on the merits against the charges contained in the petition. Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent be disbarred and his name struck from the roll of attorneys and counselors at law effective forthwith. Petition to discipline the respondent is dismissed as academic. Mollen, P. J., Damiani, Titone, Lazer and Rubin, JJ., concur.